Jeffrey J. RADOWICH

v.

**UNITED STATES ATTORNEY DISTRICT OF MARYLAND et al.**

Civ. No. Y–80–487.

United States District Court,
D. Maryland.

Nov. 19, 1980.

Melvin J. Sykes, Baltimore, Md., for plaintiff.

Russell T. Baker, Jr., U. S. Atty., and Elizabeth H. Trimble, Asst. U. S. Atty., Baltimore, Md., for federal defendants.

Benjamin Rosenberg, Baltimore, Md., and John Doar, New York City, for defendant–intervenor.

JOSEPH H. YOUNG, District Judge.

The plaintiff is an attorney who is representing the plaintiffs in a civil litigation now pending in the Circuit Court for Baltimore City. That case involves an alleged breach of fiduciary obligation and the plaintiff in this case, on behalf of the plaintiffs in the civil litigation in state court, is attempting to obtain documents originally in the custody of the United States Attorney for the District of Maryland. The original request by the plaintiffs was made on August 9, 1979 under the provisions of the Freedom of Information Act, 5 U.S.C. § 552(a)(3). The final administrative action denying that request was taken by the Acting Associate Attorney General on February 1, 1980. The plaintiff filed suit in this Court on February 29, 1980, seeking to compel the federal defendants to disclose those documents covered by the Freedom of Information Act request. The federal defendants moved for summary judgment and submitted the documents for *in camera* review by this Court. Homer Gudelsky, a defendant in the state court litigation and the subject of the documents being sought by the plaintiff, was granted leave to intervene in this case without objection of any of the parties.

On October 10, 1980, a hearing was held on the record for the purpose of obtaining clarification regarding some of the submitted documents. In order to protect the confidentiality of the documents, attorneys for the plaintiff and intervenor were excluded from part of the hearing but all parties were provided the opportunity to present their arguments and the entire hearing was recorded. For the reasons to be set forth below, this Court has determined that portions of the documents are exempt from disclosure under the Freedom of Information Act and has indicated these portions by marginal notation on the sealed documents. However, the remainder of the documents are not exempt and should be disclosed to the plaintiff.

The documents at issue in this case are four pages of handwritten notes taken by Assistant United States Attorneys during two meetings between Assistant United States Attorneys and Homer Gudelsky and/or his attorneys and one telephone call from an attorney representing Gudelsky. The notes, which have been filed under seal as part of the record in this case, do not contain verbatim transcriptions of the conversations but rather contain only selected portions of the meetings which the Assistants chose to record.

The federal defendants have asserted that these documents are exempt from disclosure under three separate statutory exemptions contained in the Freedom of Information Act: 5 U.S.C. § 552(b)(5) [work product]; § 552(b)(7)(C) [unwarranted invasion of personal privacy]; and, § 552(b)(7)(D) [records compiled by a criminal law enforcement agency in the course of a criminal investigation which contain confidential information furnished only by the confidential source]. The burden is upon the federal defendants to show that one or more of these exemptions applies. 5 U.S.C. § 552(a)(4)(B). The attorney for the federal defendants stated at the hearing that they were relying principally upon the work product exemption of § 552(b)(5) for their refusal to disclose the material contained in these documents. However, inasmuch as the pleadings have treated all three grounds of possible exemptions, this Court will consider the applicability to this case of exemptions under §§ 552(b)(7)(C) and (D) as well as the work product exemption of § 552(b)(5).

■■■■ The exemption principally relied upon by the federal defendants is the so-called "work product" exemption. 5 U.S.C. § 552(b)(5) expressly exempts from disclosure under the Freedom of Information Act, "inter–agency or intra–agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The Supreme Court has construed this exemption as permitting an agency to withhold documents which are privileged and, therefore, normally not available in pre–trial discovery to a person engaged in litigation with the agency. *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148–55, 95 S.Ct. 1504, 1515–18, 44 L.Ed.2d 29 (1975); *see also Deering Milliken, Inc. v. Irving*, 548 F.2d 1131, 1137 (4th Cir. 1977). The particular needs of a specific litigant do not affect the government's obligation to disclose under the Act, so this Court need only consider whether the documents would "routinely be disclosed" in private litigation. *Sears, supra*, 421 U.S. at 149 n. 16, 95 S.Ct. at 1516; *Deering Milliken, supra*, at 1137.

■■■■ The Supreme Court has recognized that Congress had the attorney's work–product privilege specifically in mind when exemption (5) was adopted. *Sears, supra*, 421 U.S. at 154, 95 S.Ct. at 1518. While the Court declined to set forth the "outer boundaries of the attorney's work–product rule," the Court did state that "the rule clearly applies to memoranda prepared by an attorney in contemplation of litigation which set forth the attorney's theory of the case and his litigation strategy." 421 U.S. at 154, 95 S.Ct. at 1518, *citing Hickman v. Taylor*, 329 U.S. 495, 510–511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947). The rule has also been held to apply to the "mental impressions, conclusions, opinions, or legal theories" of an attorney under Federal Rule of Civil Procedure 26(b)(3). *Deering Milliken, supra*, at 1137; *Mervin v. F. T. C.*, 591 F.2d 821, 826 (D.C. Cir. 1978). The notes at issue in this case, while rather sketchy and incomplete, do contain the mental impressions, opinions and legal theories of the Assistant United States Attorneys involved in those discussions. However, the notes also contain some material of a factual nature. 5 U.S.C. § 552(b) provides that, "[A]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." Thus, this Court undertook to segregate material of a factual nature from material which would be considered exempt under § 552(b)(5) and has determined that those portions of the documents, as indicated by the marginal notations on the sealed documents, whose disclosure would reveal the deliberative process or mental impressions of the United States Attorney's office need not be disclosed. However, all other portions contain factual information which would not compromise the privileged information and must be disclosed. *Deering Milliken, supra*, at 1138.

■■■■ The federal defendants have asserted that the entire group of documents, including purely factual material, should be exempt from disclosure under the Freedom

of Information Act because their release would allegedly have an adverse impact on the law enforcement process. They attach great weight to footnote 9 in *Deering Milliken, supra*, where the Fourth Circuit noted, "[F]actual material in witnesses' statements may be withheld under exemption 5 when disclosure will hamper the 'deliberative processes' of government by making it difficult for the government to obtain essential information." 548 F.2d at 1138 n. 9 [citations omitted]. This Court recognizes that under some circumstances it may be appropriate to go beyond the factual–deliberative distinction in determining the scope of exemption (5). *See, e. g., Brockway v. Department of the Air Force*, 518 F.2d 1184, 1194 (8th Cir. 1975). However, the facts of this case do not present such a situation and this Court can find no reason to prevent the disclosure of factual material that can be segregated from those notes which reveal the deliberative process of the Assistant United States Attorneys. Those cases in which the factual–deliberative distinction has been found inappropriate for determining whether a document should be exempt from disclosure have been based upon the existence of an independent privilege which would cause the document not to be disclosed routinely in private litigation. For instance, in *Brockway, supra*, the plaintiff sought witness statements that had been made to a special Air Force investigation board instituted for the sole purpose of accident prevention. The court in that case held that a qualified executive privilege existed for such statements and they were therefore normally not available in pre–trial discovery. 518 F.2d at 1191–1194. The federal defendants in the present case have argued, with some merit, that the United States Attorney's office has legitimate reasons for maintaining the confidentiality of discussions regarding investigations conducted by that office. · However, the defendants could cite no authority recognizing a privilege for documents compiled during the course of such investigations. Furthermore, it does not appear that the investigative capability of the United States Attorney's office will be significantly curtailed by the disclosure of notes taken during discussions occurring over six years ago. There is no suggestion whatsoever that these investigations are still open or currently under consideration by the United States Attorney and the materials contained in those portions of the documents to be disclosed do not appear deserving of a special privilege which would render them exempt from disclosure under § 552(b)(5).

The federal defendants have also asserted exemptions for these documents under §§ 552(b)(7)(C) and (D) which expressly exempt:

"(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ...

(C) constitute an unwarranted invasion of personal privacy,

(D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation ... confidential information furnished only by the confidential source."

The documents at issue in this case, notes taken by Assistant United States Attorneys during the course of a criminal investigation, are unquestionably "investigatory records compiled for law enforcement purposes." However, it does not appear that their disclosure to the extent indicated above would contravene the limitations set forth in either subparagraph (C) or (D).

▮ In referring to the (7)(C) exemption, the Supreme Court has ruled that when privacy is asserted as a reason for exemption from disclosure under the Freedom of Information Act, Congress intended the courts to balance the private and public interests. *Department of the Air Force v. Rose*, 425 U.S. 352, 372–73, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976). The privacy interests at stake in the present case are significantly less critical than those in *Maroscia v. Levi*, 569 F.2d 1000, 1002 (7th Cir. 1977), relied upon by defendants, where the court found that the material contained in F.B.I. and C.I.A. reports would be withheld in order to protect those who had provided

the information and to insure that such persons remain willing to provide information in the future. There has been no allegation that the release of any of the information contained in the notes at issue could result in harm to anyone. Furthermore, any possibility of harassment of persons mentioned in the files is outweighed by the significant public concern over the alleged activities which form the subject matter of the present litigation in state court. The public interest in allegations of illegal campaign contributions, bribery of public officials and the laundering of cash is at least as legitimate and substantial as the public concern over the labor law issue involved in *Deering Milliken, supra*, at 1136. Finally, it is not clear that any meaningful concern over personal privacy can exist with regard to this information, when so much of it has already been made public during the past several years.

█ The final exemption urged upon this Court by the federal defendants is that production of these documents would result in disclosures in violation of § 552(b)(7)(D). The Fourth Circuit has interpreted the legislative history of this exemption as allowing the identity of a person furnishing information to be protected "if the person provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." *Deering Milliken, supra*, at 1136–37. That Court also held that whether the proof shows an express or implied assurance of confidentiality is ordinarily a question of fact. 548 F.2d at 1137. The affidavit of the United States Attorney clearly states that the discussions with Mr. Gudelsky's attorney would be kept confidential and the documents themselves also reflect such an assurance. However, the first part of the exemption in § 552(b)(7)(D) refers only to the *identity* of a confidential source and the identity of Mr. Gudelsky's attorney is neither confidential or at issue. Furthermore, there has been no showing that these notes contain "confidential information furnished *only* by the confidential source," the second requirement of this exemption. Thus, while it appears that the

Assistant United States Attorney did indeed make a promise of confidentiality to Mr. Gudelsky's attorney, that was a promise that, under these particular circumstances and according to the express terms of the Freedom of Information Act, the United States Attorney's office was not justified in making. This holding does not mean that the United States Attorney can never withhold the identity of confidential sources or confidential information furnished only by confidential sources. Rather, it means that the federal defendants in this case have failed to demonstrate the facts sufficient to bring these particular documents within the express terms of the § 552(b)(7)(D) exemption and, as such, the documents must be provided under the compulsion of the Freedom of Information Act.

Accordingly, it is this 19th day of November, 1980, by the United States District Court for the District of Maryland, ORDERED:

1. That the defendants disclose to the plaintiff those documents submitted for *in camera* inspection, except for those portions held to be exempt, as indicated by marginal notations on the documents which have been filed under seal as part of the record in this case; and

2. That a copy of this Memorandum and Order be sent to counsel for all parties.